## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **SOUTHERN UTAH WILDERNESS ALLIANCE and THE WILDERNESS SOCIETY,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiffs,** | |
| **v.** | **Case No. 2:21-cv-0091-DAK-JCB** |
| **U.S. BUREAU OF LAND MANAGEMENT, U.S. FISH AND WILDLIFE SERVICE, and U.S. DEPARTMENT OF INTERIOR,** | **District Judge Dale A. Kimball** |
| | **Magistrate Judge Jared C. Bennett** |
| **Defendants.** | |

Before the court are three motions to intervene filed by (1) BlueRibbon Coalition, Inc. ("BlueRibbon");[1] (2) the State of Utah and Emery County (together, the "State");[2] and (3) Ride With Respect, Colorado Off-Highway Vehicle Coalition, and Trails Preservation Alliance (collectively, "Recreational Groups").[3] The State and the Recreational Groups' motions to intervene are unopposed.[4] Plaintiffs Southern Utah Wilderness Alliance and The Wilderness

---

[1] ECF No. 12.

[2] ECF No. 14.

[3] ECF No. 18.

[4] *See* ECF Nos. 20 at 1-2, 26, 28.

Society (together, "SUWA") oppose BlueRibbon's intervention.[5] For the reasons stated in their motions, and the lack of opposition, the State and Recreational Groups' motions to intervene are granted.[6] Over SUWA's objection, BlueRibbon's motion to intervene is granted for the reasons explained below.

## LEGAL STANDARDS

Under Fed. R. Civ. P. 24(a)(2), a person may intervene as a matter of right if certain if "[o]n timely motion," the proposed intervenor "claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Thus, to intervene of right, a proposed intervenor must show: (1) the application to intervene is timely; (2) the applicant claims an interest relating to the property or transaction that is the subject of the case; (3) the action may, as a practical matter, impair or impede that interest; and (4) no party to the action can be an adequate representative of the interest of the applicant. *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017).

On the second and third elements,[7] the Tenth Circuit Court of Appeals "follows a somewhat liberal line in allowing intervention" as of right. *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001) (citation omitted). A proposed intervenor "must show only

---

[5] ECF No. 21.

[6] DUCivR 7-1(d).

[7] The second and third elements are determined together. *Utah Ass'n of Counties*, 255 F.3d at 1253 (stating "the question of impairment is not separate from the question of existence of an interest" (quotation marks and citation omitted)).

that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal." *Id.* at 1253 (internal citation and quotation marks omitted).

For the fourth element, an applicant for intervention must show inadequate representation of its interests by other parties. *Id.* at 1254. That burden also is minimal, requiring a showing that representation may be inadequate. *Id.* "[A] prospective intervenor need make only a minimal showing to establish that its interests are not adequately represented by existing parties." *San Juan Cty. v. United States*, 503 F.3d 1163, 1203 (10th Cir. 2007).

## DISCUSSION

BlueRibbon has met the elements to intervene as a matter of right. First, BlueRibbon's motion is timely. The motion was filed within three months of the complaint and allowing intervention will neither unduly delay nor prejudice the adjudication of the original parties' rights. Moreover, the parties do not dispute that the proposed intervention is timely.

Second, BlueRibbon has established the interest element. This element favors resolving "lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Utah Ass'n of Counties*, 255 F.3d at 1252 (citations and quotations omitted). BlueRibbon has an interest in maintaining its members' ability to access, by motorized vehicle, the routes in the San Rafael Desert ("SRD"), the area at issue in this case.

Third, BlueRibbon has easily met the minimal burden of showing that the disposition of the litigation may impair or impede its interest. WildEarth Guardians v. Nat'l Park Serv., 604 F.3d 1192, 1199 (10th Cir. 2010). "[A] would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." *WildEarth Guardians v. USFS*, 573 F.3d 992, 995 (10th Cir. 2009). SUWA seeks to set aside the SRD Travel Management Plan

("TMP"), which permits motorized vehicles on various dirt roads and trails throughout the SRD. Because the relief sought in this case could substantially impair or impede BlueRibbon's members of motorized access and use of the SRD, they have a protectable interest.

Fourth, BlueRibbon also meets the inadequate representation element. As explained above, the inadequate representation element of Rule 24(a)(2) presents a minimal burden, which requires only the *possibility* that the representation may be inadequate. *WildEarth Guardians,* 604 F.3d at 1200. Here, BlueRibbon is interested in defending and maintaining the routes designated within the SRD TMP for use by motorized recreational vehicles. Concern over the presence of recreational vehicles in the area, or other concerns such as type and location of the routes permitted for motorized use, may not be as prevalent in the U.S. Bureau of Land Management, U.S. Fish and Wildlife Service, and U.S. Department of Interior's ("Federal Defendants") defense. As the Tenth Circuit noted, "[w]here a government agency may be placed in the position of defending both public and private interests, the burden of showing inadequacy of representation is satisfied." *Id.* The Federal Defendants do not oppose BlueRibbon's intervention in this matter.[8] Accordingly, BlueRibbon's interest is not likely to be adequately represented.

Finally, the court finds SUWA's arguments against BlueRibbon's intervention unpersuasive, unsupported, and without precedent. SUWA argues that BlueRibbon has not shown more than a generalized grievance; however, as shown above, the court disagrees.[9]

---

[8] *See* ECF No. 20 at 2.

[9] ECF No.

BlueRibbon's members have a specific interest in the use of recreational vehicles within certain areas of the SRD TMP, an interest that is differentiated and distinct from the Federal Defendants and the general public. SUWA also appears to argue that BlueRibbon's motion to intervene should be denied because BlueRibbon did not attach an affidavit or exhibit supporting their interest in the litigation.[10] However Rule 24 itself imposes no such formalities, and SUWA cites no authority instructing otherwise. Rule 24 simply requires the motion to "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense which intervention is sought." Fed. R. Civ. P. 24(c). A pleading, in this type of action, is defined as a "short and plain statement." DUCivR 7-4(a)(2)(B). BlueRibbon's motion does just enough to meet the standard.[11]

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The State's Motion to Intervene[12] is GRANTED.

2. The Recreational Groups' Motion to Intervene[13] is GRANTED.

3. BlueRibbon's Motion to Intervene[14] is GRANTED.

---

[10] ECF No. 21 at 2.

[11] Because BlueRibbon is entitled to intervene as a matter of right pursuant to Rule 24(a), the court does not address the alternative permissive intervention argument.

[12] ECF No. 14.

[13] ECF No. 18.

[14] ECF No. 12.

4. The State of Utah, Emery County, Ride With Respect, Colorado Off-Highway Vehicle Coalition, Trails Preservation Alliance, and BlueRibbon Coalition, Inc., shall be listed in this action as Intervenor-Defendants.

5. All relevant deadlines in the Scheduling Order for the Federal Defendants shall apply to the Intervenor-Defendants.

DATED June 21, 2021.

BY THE COURT:

_____

JARED C. BENNETT
United States Magistrate Judge