## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

<table>
<tr>
<td>

**SOUTHERN UTAH WILDERNESS ALLIANCE STATE OF UTAH,** *et al.,*

       **Plaintiffs,**

**vs.**

**UNITED STATES BUREAU OF LAND MANAGEMENT,** *et al.,*

       **Defendants,**

</td>
<td>

**ORDER DENYING MOTION TO TRANSFER CASE**

**Case No.  2:21-CV-91-DAK**

**Judge Dale A. Kimball**

</td>
</tr>
</table>

This matter is before the court on Defendant-Intervenor Southern Utah Wilderness Alliance's ("SUWA") Motion to Transfer a Related Case pursuant to Local Rule 83-2(g). SUWA seeks an order transferring *State of Utah, et al., v. Haaland, et al.*, Case No. 2:24-CV-172-TS-DAO to the undersigned judge based on this court's prior decisions on travel management plans related to the challenged 2022 Decision Record.   Rather than file a memorandum in opposition to the motion, the State of Utah filed an objection and motion to strike.  The motion to strike is denied as improper, and the court will construe the filing as a memorandum in opposition to the motion.  *Bunn v. Purdue*, 966 F.3d 1094, 1099 (10th Cir. 2020)("motions, briefs, and memoranda may not be attacked by a motion to strike.").

Under Local Rule DUCivR 83-2(g), "[w]henever two or more related cases are pending before different judges of this court," the "later-filed case" may be "transfer[red] . . . to the judge with the lower-numbered case." In determining whether to transfer a case, the court may consider factors such as whether the cases arise from a "closely related transaction or event," "involve

substantially the same parties or property," "call for a determination of the same or substantially related questions of law and fact," "would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges," or present "a risk of inconsistent verdicts or outcomes."  DUCivR 83-2(g)(1)-(6).

The Local Rule refers to two or more cases "pending" before different judges of the court. While the case before Judge Stewart is pending, the case before this court was closed on May 19, 2022, and is no longer pending.  The court understands SUWA's argument that some efficiencies may be gained by transferring the present case due to this court's prior rulings on travel management plans.  However, the court merely approved the parties' settlement in this action and it is no longer pending.  The transfer rule is intended to provide an efficient means for the court to manage pending cases. Making one judge the designated judge over travel management plans would interfere with the random assignment system the court employs.  The court is hesitant to proceed in a way that could be perceived as overstepping or interfering in such a way.  Therefore, the court declines to transfer the present case to the undersigned judge.

For the above reasons, Defendant-Intervenor Southern Utah Wilderness Alliance's ("SUWA") Motion to Transfer [ECF No. 63] is DENIED, and the State of Utah's Motion to Strike [ECF No. 64] is DENIED.

DATED this 12th day of June 2024.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

2